**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

**vs.**                                                    **Case No.  4:99cr45-WS**
                                                           **Case No.  4:06cv20-WS/WCS**

**RENARD MAURICE NEALY,**

        **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

Pending in this case is a motion to vacate and set aside a sentence filed

pursuant to 28 U.S.C. § 2255, filed on January 11, 2006.  Doc. 64.  The United States

filed a response.  Doc. 66.  Defendant was afforded an opportunity to file a reply, doc.

65, but has not done so.

Defendant brings only one claim.  He contends that since count two of the

indictment did not allege a quantity of crack cocaine, the maximum sentence that he

could have received is 360 months, the sentence for 5 grams or less with enhancement

for a prior drug felony.  He was sentenced to 384 months on that count based upon a

finding at sentencing that the count involved about 445 grams of crack cocaine.  Doc.

64, pp. 2-3.  Petitioner relies United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005) (applying Apprendi and Blakely to the Federal Sentencing Guidelines).[1]

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one year limitations period for filing a § 2255 motion.  The time runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255, ¶ 6(1)-(4).

Under § 2255 ¶ 6(1), the motion is clearly untimely.  Defendant's conviction was final on November 13, 2001, when the Supreme Court denied review by certiorari.  Nealy v. United States, 534 U.S. 1023, 122 S.Ct. 552, 151 L.Ed.2d 428 (2001).  This motion was not filed until January 11, 2006.

The motion is also untimely under § 2255 ¶ 6(3), the only other section implicated here.  Defendant argues that Booker should be applied retroactively on collateral

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (applying Apprendi to a sentence enhanced under state sentencing guidelines.

review.  He acknowledges that the Eleventh Circuit has decided this issue unfavorably to his position.  Varela v. United States, 400 F.3d 864, 867-868 (11th Cir.), *cert. denied,* 546 U.S. 924 (2005).  That still is the rule in this circuit.  Jones v. United States, 203 Fed.Appx. 324, 325 (11th Cir. 2006) (not selected for publication in the Federal Reporter, No. 06-10161).  *See also*, United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir.) ("[n]o circuit, . . . has yet to suggest that *Booker* is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."), *cert. denied*, 545 U.S. 1127 (2005).  Apprendi and its progeny have not been made retroactive on collateral review.  McCoy v. United States, 266 F.3d 1245, 1247-1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002), *applying* Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (other citations omitted).[2]

As "the right asserted" has never been "made retroactively applicable to cases on collateral review," the one year was not commenced anew under the plain language of § 2255 ¶ 6(3).  *See also* Dodd v. United States, 545 U.S. 353, 358, 125 S.Ct. 2478, 2482, 160 L.Ed.2d 621 (2005) ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied.").

---

[2] In June, 2006, the Supreme Court granted certiorari in Burton v. Waddington, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006) to  determine whether Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) applies retroactively on post-conviction review.  The Court found that it could not address the question because the petitioner had failed to comply with the requirements of 28 U.S.C. § 2244(b), relating to second motions.  Burton v. Stewart, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant's motion to vacate and

set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 64, be **DENIED with**

**prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:99cr45-WS and 4:06cv20-WS/WCS